Harold N. ABRAHAM, Plaintiff Pro Se,

v.

MARIST COLLEGE, Frank Cassetta, Larry Salomon and Benay Rubenstein, Defendants.

No. 87 Civ. 2861 (JES).

United States District Court, S.D. New York.

Feb. 28, 1989.

Harold N. Abraham, Philadelphia, Pa., pro se.

Corbally, Gartland and Rappleyea, Poughkeepsie, N.Y., for defendants; William F. Bogle, Jr., of counsel.

## MEMORANDUM OPINION
## AND ORDER

SPRIZZO, District Judge:

In this action, plaintiff *pro se* Harold N. Abraham sues Marist College and several individual defendants for defrauding the government of Basic Educational Opportunity Grants provided for under 20 U.S.C. § 1070a (1982 & Supp. IV 1986) ("Pell Grants"). Defendants have moved to dismiss or for summary judgment. For the reasons that follow, defendants' motion must be granted.

Plaintiff, while an inmate at the Federal Correctional Institute at Otisville, New York, enrolled in courses as part of a Marist degree program. *See* Complaint at ¶ 4–5, 18. The gravamen of plaintiff's complaint is that he was told by employees of Marist that he was required to take four courses and enroll as a full-time student in order to receive funds under the Pell Grant statute. *See* Complaint at ¶ 17. Plaintiff alleges that he only wanted to take two courses and took the other courses only because of defendants' misrepresentations regarding the availability of Pell Grant funding. *See id.* at ¶ 18. Plaintiff alleges that this has caused him injury because "upon release from prison plaintiff desires to enroll in college ... and may find his grants used up far more than they should have been in the absence of defendants' lies and deceits." *See id.* at 8.

## DISCUSSION

Plaintiff's basic allegation is that defendants have engaged in a scheme to force student inmates to take more courses than they might want to in order to collect the maximum amount of Pell Grant funding for Marist College. *See* Complaint at 7–9. Even assuming for the purposes of this motion that this allegation is true, plaintiff has not shown that he has an injury sufficient for him to have standing to assert this claim.

■ To have standing to sue, a plaintiff must show that he has personally suffered some actual or threatened injury as a result of the alleged illegal conduct of the defendants. *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 99, 99 S.Ct. 1601, 1607, 60 L.Ed.2d 66 (1979). This personal stake in the controversy requires a distinct and palpable injury to plaintiff and a fairly traceable causal connection between the claimed injury and the challenged conduct. *Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 72, 98 S.Ct. 2620, 2630, 57 L.Ed.2d 595 (1978).

■ Here, it is clear that plaintiff has not alleged an injury to himself that is sufficient for him to have standing at this time. Any damages he may suffer from a lack of Pell Grant funding in the future are speculative.[1] There is no certainty that he will continue his education, that he will be eligible for further funding, or that he will be deprived of funding because of the alleged actions of defendants. Thus, this controversy will only become ripe if plaintiff continues his education and at some point in the future is unable to qualify for federal Pell Grant funding because of the actions of defendants.[2]

---

1. Because the Court concludes that plaintiff has suffered no present injury and that any injury in the future is at this point speculative, it need not address the issue of whether there is a private right of action under the Pell Grant statute. *Cf. Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). However, the Court notes that courts have held that there is no private right of action under the federal College Work Study Program. *See Student Government Assoc. v. Wilberforce University,* 578 F.Supp. 935, 947 (S.D.Ohio 1983); *Murphy v. Villanova University,* 547 F.Supp. 512, 520 (E.D.Pa.1982), *aff'd,* 707 F.2d 1402 (3d Cir.1983).

2. This is especially apparent since the relief plaintiff seeks is compensation of the government for a loss of funds. He also seeks an injunction requiring defendants to admit their alleged fraud and invite the Department of Education to scrutinize Marist's practices. He clearly has no standing to seek that relief. In fact, it is the Secretary of the Department of Education who must seek the injunctive relief plaintiff requests through a proceeding against an institution "for any substantial misrepresentation made by that institution regarding the nature of its educational program, its financial charges or the employability of its graduates." *See* 34 C.F.R. § 668.71 (1987). Such a proceeding could

However, because plaintiff should not be precluded from suing in the future when his claim may be ripe, the Court will dismiss the complaint without prejudice and on the condition that defendants will not later assert a defense based on the expiration of a limitations period as a consequence of this dismissal.[3] Counsel for defendants agreed to this condition in open court at Oral Argument.

 Plaintiff also claims that he has standing to sue as a taxpayer. Even assuming arguendo that plaintiff is a taxpayer, taxpayer standing has been allowed only in the limited situation of a challenge to an expenditure of money under the taxing and spending clause of the Constitution which is alleged to exceed a specific constitutional limitation on spending. *See Flast v. Cohen,* 392 U.S. 83, 102–03, 88 S.Ct. 1942, 1953–54, 20 L.Ed.2d 947 (1968). Here, plaintiff does not challenge the exercise of the congressional spending power, but instead asserts merely that the defendants are defrauding the government in providing for Pell Grants. Indeed, he has sought and may again seek the benefit of this legislation in the future. Therefore, plaintiff's claim as a taxpayer must be dismissed.[4]

## CONCLUSION

For the reasons set forth above, the complaint is dismissed without prejudice and on the condition that defendants will not interpose any defense that the statute of limitations has run if and when plaintiff asserts the same claims he has asserted here at a time when his injury is ripe for adjudication. The Clerk of Court shall enter judgment dismissing the complaint without prejudice and close the above-captioned action.

It is SO ORDERED.

---

result in a fine, suspension, or termination. *See id.* at § 668.84–.86 (1987).

Moreover, although plaintiff seeks the payment of funds to a college of his choice, until he seeks to continue his education and Pell Grants are unavailable he has no standing to seek any relief. It follows that he also has no present right to punitive damages.

3. Because the Court concludes that the complaint should be dismissed without prejudice, plaintiff's motion for discovery pursuant to Fed. R.Civ.P. 56(f) is denied.

4. In addition, although not pleaded as a claim, plaintiff alleges that jurisdiction may be found-ed on the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 (1982). However, an injury under RICO must be one to the "business or property" of the plaintiff, and the cause of action does not accrue until plaintiff suffers an injury. *See Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1102 (2d Cir.1988). As stated above, plaintiff has not suffered a present injury as a result of defendants' alleged conduct, and it is speculative at best as to whether he ever will. Therefore, the Court cannot exercise jurisdiction under the RICO statute, even assuming a RICO claim had been sufficiently alleged.